USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/29/22

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------X

UNITED STATES OF AMERICA

    -against-

BRANDON LOPEZ,

                      Defendant.

----------------------------------------X

No. 20 Cr. 230 (JFK)

**OPINION & ORDER**

APPEARANCES

FOR DEFENDANT BRANDON LOPEZ:
    Peter E. Brill, BRILL LEGAL GROUP

FOR THE UNITED STATES OF AMERICA:
    Jacob Edwin Warren
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Defendant Brandon Lopez's ("Lopez") letter motion requesting a correction in the calculation of his sentence ("Motion"). In his Motion, Lopez argues that he is entitled to credit toward his federal sentence for time spent in federal detention while on a writ of habeas corpus <u>ad prosequendum</u> from New York State prior to his federal sentencing. The Government opposes Lopez's Motion. For the reasons set forth below, Lopez's Motion is DENIED.

**I. Background**

On March 11, 2020, Lopez was charged in a two-count information with one count of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) ("Count One"),

1

and one count of using or possessing a firearm in the course of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Two").  (Information, ECF No. 8.)  On July 16, 2020, while on bail, Lopez pled guilty in New York State Supreme Court, Queens County, to possession of a forged instrument in the third degree.  (Government Letter in Opposition ("Letter in Oppo."), ECF No. 35.)  Because Lopez was on state probation at the time of the offense, he was sentenced to 364 days' incarceration for violating the conditions of his probation.  (Presentence Report ("PSR") at 8, ECF No. 22.)

On August 13, 2020, Lopez was transferred from New York State custody to federal custody pursuant to a writ of habeas corpus ad prosequendum (the "Writ").  (Letter in Oppo. at 1.) On September 1, 2020, in accordance with a plea agreement, Lopez pled guilty to Count One.  (PSR at 3.)  The Court sentenced Lopez to 48 months' imprisonment and three years' supervised release on January 12, 2021.  (Sentencing Hearing Transcript at 11:19, ECF No. 30.)

On April 25, 2022, Lopez filed the instant Motion requesting that the Court amend his sentence.  (Letter Motion Requesting Amendment to Sentence Computation ("Motion"), ECF No. 32.)  On June 7, 2022, the Government submitted a letter in opposition ("Letter in Opposition") to Lopez's request.  (Letter in Oppo. at 1.)  By Order dated June 8, 2022, the Court provided

2

Lopez with an opportunity to respond to the Government's arguments on or before June 20, 2022. (June 8, 2022, Order, ECF No. 36.) As of this writing, the Court has not received a response from either Lopez or his attorney.

**II. Discussion**

In the instant Motion, Lopez argues that the Bureau of Prisons ("BOP") has improperly denied him prior custody credit for the time he spent in federal custody before his sentencing. Lopez contends that the approximately 5 months he spent in federal detention under the Writ should be credited toward his 48-month federal sentence because his "state custody [ended] . . . when [the] US Marshals picked [him] up from Rikers Island." (Id.) Lopez requests that the Court amend his sentence to "ensure that [he] is given credit nunc pro tunc" for the time between August 13, 2020, and January 12, 2021. (Letter from Peter E. Brill to Hon. John F. Keenan (May 23, 2022), ECF No. 33.) In its Letter in Opposition, the Government argues that Lopez's request must be denied because it is procedurally premature and the BOP's sentence computation is correct. (Letter in Opposition at 1–2.) The Court agrees and concludes that Lopez's Motion is meritless for two reasons.

First, the Court lacks jurisdiction to consider Lopez's request. The appropriate statutory mechanism for challenging the BOP's computation of a prisoner's sentence is 28 U.S.C §

3

2241.  See Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006); see also United States v. Thomas, No. 17 Cr. 350 (LAP), 2021 WL 1016034, at *1 (S.D.N.Y. Mar. 17, 2021) ("The appropriate vehicle for an attack on the BOP's computation of a lawfully imposed sentence is through a petition pursuant to 28 U.S.C. [§] 2241.").  Before an inmate can seek relief pursuant to § 2241, he must exhaust all relevant administrative remedies.  See Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); see also Lesane v. Tellez, No. 21 Civ. 2074, 2021 WL 3500916, at *2 (S.D.N.Y. Aug. 4, 2021) ("Although § 2241 does not expressly require exhaustion of administrative remedies, in this Circuit, exhaustion of administrative remedies is generally a prerequisite to habeas corpus relief under § 2241.").  In this context, "[e]xhaustion of administrative remedies involves a multistep process under BOP regulations, ranging from requesting informal resolution of a complaint to raising that complaint to the BOP Regional Director and, ultimately, to the General Counsel of the BOP."  United States v. Wusebio, No. 04 Cr. 607 (LAP), 2007 WL 582745, at *2 (S.D.N.Y. Feb. 21, 2007) (citing 28 C.F.R. §§ 542.13-542.15 (2006)).  Once those administrative procedures are exhausted, the prisoner may seek judicial relief "by filing a habeas corpus petition under 28 U.S.C. § 2241 in the district of incarceration."  Id. (citation omitted).

Here, there is no evidence in the record that Lopez has exhausted the relevant administrative remedies. Moreover, even if Lopez could establish exhaustion, the proper vehicle for judicial review would be the filing of a § 2241 habeas application in the district in which he is incarcerated, which is the District of West Virginia. See United States v. Delacruz, No. 16 Cr. 262 (JGK), 2022 WL 785073, at *1 (S.D.N.Y. Mar. 15, 2022) ("Any challenge to the computation of the defendant's sentence must be brought in a habeas petition pursuant to 28 U.S.C. § 2241 in a court in the district in which the defendant is incarcerated, after the defendant has exhausted all administrative remedies."). Accordingly, the Court does not have jurisdiction to consider Lopez's request. See United States v. Whaley, 148 F.3d 205, 206 (2d Cir. 1998) ("Although prisoners may seek judicial review of the BOP's sentencing determinations after exhausting their administrative remedies, the district court is without jurisdiction to compute sentencing credit if a prisoner does not challenge his sentence and has not sought administrative review.").

Second, even if the Court could address the merits of the instant Motion, Lopez's request would be denied because BOP's sentencing computation is correct. "It is the responsibility of the BOP, rather than the courts to determine the commencement of a federal sentence and calculate any credit toward that sentence

5

for time already served." Cintron v. Warden, F.C.I. Otisville, 52 F. Supp. 3d 654, 655 (S.D.N.Y. 2014) (citing Tisdale v. Menifee, 166 F.Supp.2d 789, 791 (S.D.N.Y. 2001)). When the BOP calculates prior custody credit for time served before a sentence was imposed, 18 U.S.C. § 3585(b) requires that the defendant "receive credit only for detention time 'that has not been credited against another sentence.'" United States v. Wilson, 503 U.S. 329, 333 (1992) (quoting 18 U.S.C. § 3585(b)). Accordingly, "a federal inmate who was serving a state sentence when he was brought into federal custody pursuant to a writ of habeas corpus ad prosequendum is not entitled to credit against his federal sentence for the time spent in federal custody pursuant to the writ if that time is credited against his state sentence." Bracamonte v. Von Blanckensee, No. 18 Civ. 166 (HBP), 2019 WL 1368084, at *3 (S.D.N.Y. Mar. 26, 2019); see also United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998) (holding that a district court lacks authority under § 3585(b) to credit a defendant's federal sentence for time that has already been credited towards a state sentence).

As the Government notes in its Letter in Opposition, "it appears that the time that [Lopez] was incarcerated pursuant to the Writ was applied toward satisfying his state court sentence, since he served 221 days instead of the 364 to which he was sentenced for violating his state probation." (Letter in Oppo.

6

at 2.)  Because the time between August 13, 2020, and January 12, 2021, was credit toward Lopez's state sentence, the BOP properly excluded it when computing Lopez's 48-month federal sentence.  Lopez's motion is, therefore, meritless.

### III. Conclusion

For the foregoing reasons, Lopez's Motion requesting an amendment to his sentence (ECF No. 33) is DENIED.  The Clerk of Court is respectfully directed to terminate the docket entry at ECF No. 33.

**SO ORDERED.**

Dated:   New York, New York
         June 29, 2022

                                         _____
                                                  John F. Keenan
                                         United States District Judge