UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

BRANDON LOPEZ,

Defendant.

20-CR-230 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On January 12, 2021, defendant Brandon Lopez was sentenced principally to a term of imprisonment of 48 months. Dkt. 29.

On May 1, 2024, the Federal Defenders of New York filed a letter stating that Lopez appeared to be eligible for a reduction in sentence, pursuant to Amendment 821 of the Sentencing Guidelines, and noting that were his sentence reduced, he would be eligible for immediate release from prison, Dkt. 40. That day, the case was reassigned to the docket of this Court from that of the Hon. John F. Keenan. Dkt. 41. On May 2, 2024, this Court directed the Government to respond by May 6, 2024. Dkt. 42. On May 6, 2024, the Government filed a letter, agreeing that Lopez is eligible for a reduction of sentence under Amendment 821, and stating that it did not object to a reduction of sentence to one within the newly calculated Guidelines range. Dkt. 44. The Probation Department has likewise determined that Lopez is eligible for an adjustment of his sentencing guidelines range based on Amendment 821. Dkt. 38.

All parties thus agree that Lopez is eligible for a sentence reduction under Amendment 821; that, under that Amendment, his Criminal History Category, which as of sentencing was calculated as level IV, is now level III; and that, at offense level 21 and criminal history III, his

Guidelines range on Count One would now be 46-57 months imprisonment, rather than the range calculated at the time of sentencing, of 57-71 months imprisonment. The Court finds that Lopez is eligible for a sentence reduction and adopts the above calculations as to his Guidelines range.

All parties further agree that the Court has the latitude, under Amendment 821, to reduce Lopez's sentence to 46 months imprisonment. The Government agrees that Lopez's sentence should be reduced. Dkt 44 at 1. The Court has reviewed the record in this case. This includes: (1) the fact that Lopez has a clean disciplinary record and has taken advantage of numerous educational programs while in custody, *see* Dkt. 38 at 2; (2) the sentencing judge's assessment of the just and reasonable sentence at the time of sentencing; *see* Dkt. 30; and (3) the fact that the sentencing judge, although persuaded to give weight to the (errant) calculation of the applicable guidelines range in the plea agreement as 46-57 months imprisonment, appears to have been guided in part by the governing guidelines range of 57-71 months imprisonment. *See generally id.* In resolving this motion expeditiously, the Court is also mindful that a reduction in sentence would result in Lopez's being eligible for immediate release. Dkt. 40. Considering the revised Sentencing Guidelines range and all 18 U.S.C. § 3553(a) factors, the Court is persuaded that a reduction of Lopez's sentence to 46 months imprisonment is justified, and that such a sentence is consistent with the § 3553(a) factors taken as a whole, including protection of the public.

Having considered the record in this case and the parties' arguments, it is ORDERED that defendant Lopez's term of imprisonment is reduced to 46 months' imprisonment. All other components of the sentence remain as originally imposed.

In light of the possibility that this order may have implications soon for the date of Lopez's release, the Court directs Government counsel to furnish this order to the Bureau of

Prisons forthwith. The Court directs the Federal Defenders to mail a copy of this order to Lopez forthwith.

SO ORDERED.

                                            *Paul A. Engelmayer*
                                          PAUL A. ENGELMAYER
                                          United States District Judge

Dated: May 7, 2024
        New York, New York